[No. 1590.]

Jacob Brooks *v.* The State.

1. Unlawfully Carrying a Pistol — Evidence — Practice.—See the
   opinion *in extenso,* for a state of case under a prosecution for unlawfully
   carrying a pistol into a social gathering, wherein the trial court erred in
   excluding evidence of facts which, if established, would confute the incul-
   patory proof and constitute a sufficient defense.
2. Same — Cases Distinguished.—Note the distinction between this case
   and that of *Owens* v. *The State,* 3 Texas Court of Appeals, 404.

Appeal from the County Court of Hopkins.    Tried below be-
fore the Hon. J. K. Milam, County Judge.

The nature of the prosecution, as well as the evidence, is disclosed in the opinion. The penalty imposed by a verdict of guilty was a fine of fifty dollars.

*King & Foster*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE.   Defendant was convicted of the offense of unlawfully going into a social gathering, having and carrying about his person a pistol; and his punishment was assessed at a fine of fifty dollars.

It was proved by the State's testimony that, on the occasion of a social gathering at the house of one Crisp, the defendant took from his pocket a pistol, and after holding it in his hand about five minutes, returned it to his pocket.   This occurred inside the house, and at a time when the house was full of people.   At the time when the defendant was seen with the pistol, he was standing behind a plank which had been put up in the room to serve as a counter for a candy stand, and he was engaged in keeping the candy stand, having been employed for that purpose by one Franklin, the proprietor of the same; and Franklin had a pistol at the candy stand, which he had laid behind a box.

Defendant offered to prove, in defense, that the pistol he was seen to have on that occasion was Franklin's, which had been placed behind the box; and that he merely picked it up and held it in his hand for a moment and then replaced it behind the box.   Upon objection made by the county attorney, this proposed testimony was rejected, to which action of the court the defendant excepted, and his exceptions present the only question in the case which we are required to determine.

We are of the opinion that the testimony offered by the defendant was admissible, and that the court erred in rejecting it. If the defendant, as he offered to prove, merely picked up the pistol and immediately replaced it, such act would not come within the spirit and intent of Article 320 of the Penal Code, It would not be "*having or carrying* the pistol about his person" within the meaning of the law.   Such a handling of the pistol was perhaps through mere idle curiosity, and without any intent whatever to violate the law.   It would be a perversion of reason and justice, it seems to us, to hold that the law intends that punishment shall be visited upon an act of this character.

True, one of the State's witnesses testified that the defendant took the pistol from his pocket, and put it back in his pocket. If this be true, he would, we think, be guilty of a violation of the law, for that would be having and carrying about his person a pistol. But defendant proposed to prove that this was not true; that the witness who so testified was mistaken. We certainly think he was entitled to make such proof if he could.

In support of the conviction in this case the Assistant Attorney General cites us to the case of *Owens* v. *The State*, 3 Texas Court of Appeals, 404. That case does not decide the precise question presented here, that is, as to whether or not the mere taking from its place, and immediately replacing, a pistol, will constitute, within the meaning of the law, the having or carrying the same about the person. This question was not involved in the Owens case. That case, however, determined one question in this case, which is, that no person, unless he be a peace officer, can go into a social gathering and have or carry about his person a pistol, without being guilty of violating the law. Not even the owner of the premises where the social gathering occurs is exempt from the prohibition of the Article of the Penal Code before referred to. Therefore, even if it were proved that the defendant was in charge of the candy stand, and had a perfect legal right to be in the house, and for the time being was the legal owner of that portion of the house, this would not entitle him to have and carry about his person a pistol.

Because we are of the opinion that the court erred in rejecting the evidence offered by the defendant to show that he did not have and carry about his person the pistol, in a manner that would be a violation of law, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered November 10, 1883.